SUSAN M. SPECHT, MARTIN G. QUINN AND JESSIE A. QUINN, HIS WIFE; ANNE MITTLESDORF, ANNIE WEINZER, ISAAC O. NOLING, PASQUALE BIUNNO AND GENNARO BIUNNO, WALTER H. CRAMP, MASONIC REALTY COMPANY, CHICHESTER C. KERR, CARL J. OLSON, NOSLO REALTY COMPANY, BROM REALTY COMPANY, CYNTHIA M. PALMER AND HATTIE M. MARTIN, PROSECUTORS, v. CITY OF EAST ORANGE AND LINCOLN ROWLEY, CITY CLERK, RESPONDENTS.

BALDWIN CONSTRUCTION COMPANY, A CORPORATION, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF EAST ORANGE, LINCOLN ROWLEY, CITY CLERK, AND WARREN A. CLAPP, TAX COLLECTOR, DEFENDANTS.

ABRAHAM RICHTER AND MOLLIE RICHTER, HIS WIFE, PROSECUTORS, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF EAST ORANGE, LINCOLN ROWLEY, CITY CLERK, AND WARREN A. CLAPP, TAX COLLECTOR, DEFENDANTS.

Submitted January 31, 1930—Decided August 6, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutors Susan M. Specht et al., *Grosso, Brundage & Anderson* (*Norman L. Brundage,* on the brief).

For the prosecutors Baldwin Construction Company, Abraham Richter and Mollie Richter, *Howe & Davis* (*Edward L. Davis,* on the brief).

For the respondents, *Walter C. Ellis.*

PER CURIAM.

This is on the return of three related rules to show cause why writs of *certiorari* should not issue to review a report of the board of assessments of the city of East Orange levying assessments against the prosecutors for the widening and extending of Lincoln street and the proceedings of the city council confirming said report, together with the ordinance under which the proceedings were had.

The main brief of the prosecutors raises the single point that section 12 of article 20 of the Home Rule act (An act concerning municipalities, *Pamph L.* 1917, *ch.* 152), in effect at the passage of the ordinance, February 26th, 1925, was not complied with. That section provided that "a copy of the notice of intention as published shall be mailed to every person whose lands may be affected by such local improvement so far as may be ascertained, directed to his last known post-office address. * * * Failure to mail the notice hereinabove provided for shall not invalidate any proceeding or assessment hereunder." Section 9 of the same article provides for public notice of the intention of the gov-

erning body to consider the improvement ordinance and directs the character of newspaper publication to be given and the contents thereof. That notice was given.

It is the right of a landowner specially affected by a public improvement to be informed, either by actual or constructive notice, of the time and place appointed for the meeting of the governing body to consider their proposed action. *Groel* v. *Newark,* 78 *N. J. L.* 142. But constructive notice when provided by the statute is sufficient. *State, Boice* v. *City of Plainfield,* 38 *Id.* 95.

We construe section 12 as directory and give full value to that portion of the section which directs that failure to mail the notice provided for in the section shall not invalidate any proceeding or assessment. We have in mind that *Root* v. *Mayor and Aldermen of Jersey City,* 5 *N. J. Mis. R.* 973, gave a more limited significance to that language. That opinion, however, determined the ordinance under review to be void *in toto* for other reasons; had the case turned upon the reasoning therein applied to section 12, the proceedings would have been declared valid as to those to whom a mailed notice had been sent. We consider that the expressions with regard to section 12 were *dicta.* We consider that the constructive notice provided by section 9 and given in the instant case was an adequate notice under the law.

It is further suggested that the assessment was not fair as to some of the more distant properties; but that, we take it, is a proper matter to be raised before the Circuit Court on appeal from the assessment. *Pamph. L.* 1925, *ch.* 71, *p.* 233; *Graham* v. *Ocean City,* 98 *N. J. L.* 426; *Florenzie* v. *East Orange,* 88 *Id.* 438.

Writs of *certiorari* are denied and the rules are discharged, with costs to respondents.